# Woods's Appeal.

1. Where the register granting administration selects outside of those to whom the law gives the right, he is bound to exercise a sound discretion and in the absence of evidence against his appointee a sound discretion is presumed.

2. The guardian of a minor, having a vested interest in a residue, more direct and valuable than all others, nominated an administrator whom the register appointed. *Held*, that the register properly consulted the minor's interest rather than the other's.

May 17th 1868. Before Woodward, C. J., Thompson and Agnew, JJ. Strong and Read, JJ., absent.

Appeal of Richard C. Woods from the decision of the Register's Court of *Cumberland county*, granting letters of administration *d. b. n. c. t. a.* on the estate of Nathan Woods, deceased, to Abraham Bosler.

The following facts were agreed upon for the decision of the Register's Court:—

Nathan Woods died, having made the will hereto appended, in which he appointed his son, J. R. Woods, his executor, who, after filing his final account, and after distributing the estate, died. But the legacy of $5000, directed to be paid to Martha J. Stuart when she should attain the age of twenty-one years, and over in case of her death before that age, still remains in the hands of the

[Woods's Appeal.]

executor. The questions here are, whether this is unadministered estate of Nathan Woods, and if so, who is entitled to administration *de bonis non cum testamentum annexo ?*

Richard C. Woods is the only surviving son of Nathan Woods, the testator. Nathan C. Woods is the son of the deceased, executor. R. C. Woods applied for letters of administration, but the register declined to issue to him on the ground that his interest was too remote. Nathan C. filed a renunciation, requesting the register to appoint the person named by R. C. Woods, who thereupon named S. Hepburn, Jr., who filed his bond. Joseph A. Stuart, guardian of Martha J. Stuart, objected, and named Abraham Bosler.

The following is the direction of the will with reference to the fund of $5000 :—

" Item : I give and bequeath to my granddaughter, Martha Jane Stuart, the sum of five thousand dollars, to be paid to her when she shall arrive at the age of twenty-one years ; but if she should die before she arrives at the age of twenty-one years without lawful issue, then my will is that the five thousand dollars hereby bequeathed to her shall be paid as follows, to wit : To my sons James R. and Richard C., to my son-in-law, James T. Stuart, to my daughter Margaret R., to the Pennsylvania Bible Society, to the Pennsylvania Colonization Society, to the Board of" Missions of the Presbyterian Church (Old School), to be expended in the cause of church extension, and to the same board to be expended in the cause of domestic missions at their discretion, in equal shares, share and share alike."

The Register's Court (Graham, P. J. of C. P.) directed the letters to issue to Bosler. Woods appealed, and assigned this order for error.

*S. Hepburn, Jr.*, and *S. Hepburn*, for appellant, cited Potts *v.* Smith, 3 Rawle 380 ; Hawkins on the Construction of Wills, p. 1, prop. 1 ; Abbott *v.* Middleton, 4 H. L. C. 68 ; Magoffin *v.* Patton, 4 Rawle 119 ; Whiteside's Appeal, 11 Harris 114 ; Laporte *v.* Bishop, Id. 152 ; Leech's Appeal, 8 Wright 140 ; Corbin *v.* Wilson, 2 Ashmead 178 ; Seibert's Appeal, 1 Harris 501 ; Clarke's Ex'rs. *v.* Wallace, 12 Wright 84 ; Act of 29th March 1832, § 6, 22, Purd. 278, pl. 33, p. 277, pl. 28, Pamph. L. 191 ; Ellmaker's Estate, 4 Wright 37 ; McClellan's Appeal, 4 Harris 115 ; McCaffrey's Estate, 2 Wright 333 ; Williams's Appeal, 7 Barr 259.

*Watts & Parker* and *Henderson & Hays*, for the appellee, cited Ellmaker's Estate, 4 Wright 34 ; McClellan's Appeal, 4 Harris 115.

The opinion of the court was delivered, July 3d 1867, by

[Woods's Appeal.]

WOODWARD, C. J.—The only question presented by this record is, to whom letters of administration *de bonis non cum testamento annexo* on the estate of Nathan Woods shall issue, and the doubt suggested by counsel whether this is a case for letters of administration does not arise.

Two nominees of different interests claim letters, and the question being which of them shall be appointed, neither can deny the right of the other on the ground that there is nothing to administer. If it was meant to discuss the question whether the legacy to Miss Stuart is an unadministered fund, it should have been in the case stated.

Nor is the construction of the will in respect to interest upon the legacy raised by the case stated. It neither affirms nor denies the legatee's right to interest. That question therefore must be reserved till it arises.

The Act of Assembly of 15th March 1832, Purd. 277, commands the register to issue letters of administration when necessary to the widow of the decedent, if any, or to such of his relations or kindred as by law may be entitled to the residue of his personal estate, or a share therein after payment of debts, and in all cases of an administration with a will annexed, where there is a general residue of the estate bequeathed, the right to administer shall belong to those having the right to such residue, &c.

The act makes no provision for nominees or substitutes for the parties in interest. It is a mandatory rule to the register in respect of the parties themselves, and though it has been said he ought to respect the recommendations of substitutes, the statute prescribes no rule of choice in this regard. He is bound to exercise a sound discretion when he selects outside of those to whom the statute gives the right, and in the absence of all evidence against his appointee, a sound discretion is to be presumed.

It would appear from what is stated in this case that the executor of Nathan Woods had settled his final account, and made distribution of the estate, excepting only the $5000 legacy, before he died. By the will of Mr. Woods that legacy is given to his granddaughter, Martha Jane Stuart, when she shall attain twenty-one years of age, with remainder over to several parties in case she die before that age. Though as legatee neither she nor those in remainder would perhaps be entitled to demand administration as a statutory right, yet it cannot be doubted that she has a direct vested interest in the legacy—more direct and valuable than any or all of those in remainder, and as between her and them the register did wisely to consult her interests rather than theirs. The nominee of her guardian being approved by the register, was properly appointed, and

The decree of the Register's Court is affirmed.